UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LUIS A. DIAZ and
KELLY J. DIAZ,

   Plaintiffs,

v.                 Case No. 1:14-CV-411

BANK OF AMERICA, N.A.,        HON. GORDON J. QUIST

   Defendant.
_____/

**OPINION**

  Plaintiffs, Luis A. Diaz and Kelly J. Diaz, filed a three-count Complaint against Defendant, Bank of America, N.A.,[1] (BANA), in the Ottawa County Circuit Court on March 4, 2014, alleging the following claims: (1) setting aside the foreclosure sale (Count I); (2) intentional infliction of emotional distress (Count II); and (3) breach of M.C.L. § 600.3205c (Count III). All of the Diazes' claims arise out of BANA's nonjudicial foreclosure of a mortgage on the Diazes' property.

  BANA timely removed the case to this Court on April 14, 2014, alleging diversity jurisdiction as the basis for the removal. BANA now moves for dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, the Court will grant BANA's motion and dismiss the Complaint with prejudice.

**I. BACKGROUND**

  The following facts are based on the allegations in the Diazes' Complaint, matters of public record, and exhibits attached to BANA's Motion to Dismiss that are referred to in the Complaint.[2]

---

[1] BANA is the successor by merger to BAC Home Loans Servicing, L.P. (Compl. ¶ 5, dkt. # 1-2.)

[2] Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion under Rule 12(b)(6), courts may consider various documents without converting the motion to a motion for summary judgment. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

On April 22, 2006, the Diazes obtained a mortgage loan from Taylor, Bean & Whitaker Mortgage Corp. (TBW) in the amount of $157,108.00 and executed a note in favor of TBW. (Def.'s Br. Supp. Mot. to Dismiss Ex. 1.)  To secure repayment of the loan, the Diazes granted a mortgage on their property known as 6248 Plainview Drive, Hudsonville, Michigan 49426 (Property) to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for TBW. (*Id.* Ex. 3.) MERS assigned the mortgage to BAC Home Loans Servicing, L.P., BANA's predecessor-in-interest, on or about January 13, 2010, and the assignment was recorded in the Ottawa County Register of Deeds on February 19, 2010. (*Id.* Ex. 4.)

In early 2012, the Diazes defaulted on their loan. (Compl. ¶ 6.) The Diazes allege that they attempted to negotiate for a loan modification, but BANA refused to modify their loan. (*Id.* ¶¶ 9–10.) BANA initiated a foreclosure by advertisement, pursuant to M.C.L. § 600.3205a. On August 8, 2013, a sheriff's sale was held, at which BANA purchased the Property for $176,995.84. (Def.'s Br. Supp. Mot. to Dismiss Ex. 5.)  The six-month statutory redemption period expired on February 8, 2014.  M.C.L. § 600.3240(8).  The Diazes failed to redeem the Property prior to the expiration of the redemption period.

## II. Motion Standard

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)).  The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  The court must determine

2

whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).[3]

### III. DISCUSSION

**A.  The Diazes Have Abandoned Their Claim for Intentional Infliction of Emotional Distress**

In its motion, BANA argues that the Diazes fail to state a claim for intentional infliction of emotional distress because the Diazes fail to establish the existence of a separate duty apart from the note and mortgage and because the alleged denial of a mortgage modification does not rise to the level of "extreme and outrageous conduct." The Diazes completely fail to address their intentional infliction of emotional distress claim in their response. Thus, the Court deems this claim abandoned.[4] *See Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("This Court's

---

[3] The Diazes each attach an affidavit in support of their response to BANA's motion. Because the instant motion is a Rule 12(b)(6) motion to dismiss and not a motion for summary judgment under Rule 56, the Court's review is limited to the facts and legal claims set forth in the Complaint, as well as the documents attached to and referenced in the Complaint. *See Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011) (noting that "Rule 12(b)(6) scrutiny is limited to the pleadings . . . exhibits attached to the complaint, as well as exhibits attached to defendants' motion to dismiss that are referred to in the complaint"). Therefore, the Court will not consider the Diazes' affidavits in deciding the instant motion.

[4] In spite of the Diazes' failure to respond to BANA's arguments, the Court notes that BANA's argument regarding lack of an independent duty for the intentional infliction of emotional distress claim is without merit. The case BANA cites for the proposition that a plaintiff must establish a duty for *any* tort-based claim, *Ahmad v. Wells Fargo Bank, NA*, 861 F. Supp. 2d 818 (E.D. Mich. 2012), involved a *negligence claim*—for which duty is an element—not an intentional infliction of emotional distress claim. The Court has searched in vain for any Michigan authority holding

jurisprudence on abandonment is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."); *Bazinski v. JPMorgan Chase Bank, N.A.*, No. 13-14337, at *2 (E.D. Mich. Apr. 11, 2014) ("Claims left to stand undefended against a motion to dismiss are deemed abandoned.").

  **B.**  **The Diazes are not Entitled to Relief on Counts I and III**

  In Count I, the Diazes allege a claim for setting aside the foreclosure, and in Count III, the Diazes allege that BANA violated M.C.L. 600.3205c by failing to modify their mortgage. Both claims lack merit.

  Because the redemption period has expired, the foreclosure may be set aside only if the Diazes make a clear showing of fraud or irregularity. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (per curiam) (citing *Schulthies v. Barron*, 16 Mich. App. 246, 247–48, 167 N.W.2d 784, 785 (1969) (per curiam)). The fraud or irregularity must be present in the foreclosure process itself. *Williams v. Pledged Prop. II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012). Thus, to upset the foreclosure once the redemption period has expired "would require a strong case of fraud or irregularity, or some peculiar exigency." *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) (citing *Detroit Trust Co. v. Aqozzino*, 280 Mich. 402, 405–06, 273 N.W. 747, 748 (1937) and *Calaveras Timber Co. v. Mich. Trust Co.*, 278 Mich. 445, 450, 270 N.W. 743, 745 (1936)); *see also Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d 46, 49 (2000) (observing that "in the absence of fraud, accident or mistake, the

---

that the existence of a duty is an element of an intentional tort, such as intentional infliction of emotional distress. Moreover, on page 9 of its opening brief BANA cites the well-known elements of such a claim, "'(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress,'" (Def.'s Br. Supp. Mot. to Dismiss at 9 (quoting *Graham v. Ford*, 237 Mich. App. 670, 674, 604 N.W.2d 713, 716 (1999) (per curiam))), which do not include a duty. Indeed, it would be odd that intentional torts, such as assault and battery, would require the existence of a duty to establish a claim. *See Pigee v. DiPonio*, No. 249235, 2004 WL 2102013, at *1 (Mich. Ct. App. Sept. 21, 2004) (per curiam) ("The fact that a lawyer owes no duty to avoid malpractice with respect to non-clients does not mean that the lawyer can commit intentional torts harming persons who are not his clients with impunity.").

possibility of injustice is not enough to tamper with the strict . . . requirements" of the foreclosure statute).

The Diazes fail to make a clear showing of fraud or irregularity in the foreclosure process. In Count I, the Diazes simply allege that the foreclosure sale should be set aside because BANA acted in bad faith by denying them a mortgage modification. This allegation echos their claim in Count III for violation of M.C.L. § 600.3205c by failing to modify their mortgage.

The Diazes' reliance on an alleged violation of M.C.L. § 600.3205c as a basis to set aside the foreclosure fails for several reasons. First, § 600.3205c does not *require* a lender to modify a specific loan. *England v. Mortg. Elec. Registration Sys.*, No. 13-10438, 2013 WL 1812194, at *4 (E.D. Mich. Apr. 30, 2013); *Butts v. JPMorgan Chase Bank, N.A.*, No. 12-cv-13282, 2012 WL 6194228, at *5 (E.D. Mich. Dec. 12, 2012). Rather, the statute only requires a lender to review the borrower's eligibility for a loan modification. Second, the loan modification procedures set forth in M.C.L. § 600.3205c apply only if the borrower, directly or through a housing counselor, has requested a meeting with BANA's designated representative. M.C.L. § 600.3205c(1). Nowhere in their Complaint do the Diazes allege that they requested such a meeting either directly or through a housing counselor, and the Sheriff's Deed confirms that the Diazes did not do so.[5] (Sheriff's Deed, dkt. # 6-6 at Page ID 202.) Third, M.C.L. § 600.3205c "does not provide any basis for unwinding the foreclosure." *England*, 2013 WL 1812194, at *4. "Rather, the sole remedy available when a mortgagee declines to modify a loan despite the mortgagor's eligibility [ ] is that the mortgagee is not permitted to [ ] foreclose by advertisement, and must instead proceed via judicial foreclosure." *Butts*, 2012 WL 6194228, at *5 (internal quotation marks omitted) (alterations in original); *Bragg v. JP Morgan Chase Bank*, No. 12-12486, 2012 WL 5383138, at *5 (E.D. Mich.

---

[5] The Diazes state in their response that they never received a notice under M.C.L. § 600.3205a, but this allegation is not included in their Complaint. Moreover, even if the Diazes had made such an allegation, their claim would still fail for the other reasons set forth herein.

Nov. 1, 2012) (noting that "a borrower's sole relief for an alleged violation of the loan modification statutes is to seek the conversion of the foreclosure sale to a judicial foreclosure"). In this case, the Diazes do not request their sole remedy—conversion to a judicial foreclosure. Rather, they improperly request that the Court set aside the foreclosure. As noted, however, the statute does not allow such a remedy. Finally, the Diazes' reliance on M.C.L. § 600.3205c comes too late because, as the Sixth Circuit has observed, the right to convert a foreclosure must be exercised before the foreclosure sale occurs:

> [T]he Smiths appear to have missed the boat regarding the applicability of this statute which, when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert. *See* Mich. Comp. Laws § 600.3205(c) [sic]. This claim also fails.

*Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012). The Diazes, like the Smiths, also missed the boat because the nonjudicial sale is long over.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant BANA's Motion to Dismiss and dismiss the Diazes' Complaint with prejudice.

An Order consistent with this Opinion will be entered.


Dated: May 29, 2014                                             /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                                UNITED STATES DISTRICT JUDGE